J-S21010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DANIEL ETHRIDGE :
:
Appellant : No. 855 WDA 2019

Appeal from the PCRA Order Entered May 6, 2019
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001943-2002

BEFORE: LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.: **FILED MAY 1, 2020**

Daniel Ethridge appeals, *pro se*, from the order, entered in the Court of Common Pleas of Washington County, dismissing, as untimely, his fourth serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Upon careful review, we affirm.

In August 2002, Ethridge approached four individuals sitting in a vehicle, ordered them to exit the vehicle and surrender their possessions, and fired three shots at them, killing Timothy Zombeck. On September 11, 2003, a jury convicted Ethridge of first-degree murder, recklessly endangering another person (REAP), and two counts of robbery. On November 24, 2003, the court sentenced Ethridge to life imprisonment plus 14 to 28 years of

imprisonment.[1]  On December 12, 2003, Ethridge appealed his judgment of sentence, which this Court affirmed on December 28, 2004.  ***Commonwealth v. Ethridge***, 2202 WDA 2003 (Pa. Super. filed Dec. 28, 2004) (unpublished memorandum).  On July 5, 2005, the Supreme Court of Pennsylvania denied Ethridge's petition for allowance of appeal.  ***Commonwealth v. Ethridge***, 878 A.2d 862 (Pa. filed July 5, 2005) (Table).

Ethridge filed his first *pro se* PCRA petition on November 16, 2005.  The court appointed Jeffrey A. Watson, Esquire, as PCRA counsel, who filed a ***Turner***/***Finley***[2] "no merit" letter on August 10, 2007.  On March 26, 2010, the PCRA court dismissed Ethridge's petition.  Ethridge appealed *pro se* on April 19, 2010; Attorney Watson filed a motion to withdraw as counsel on June 2, 2010, which the court denied as moot given that Ethridge had already filed a *pro se* appeal.  On January 7, 2011, this Court reversed the order dismissing Ethridge's PCRA petition and remanded the case for appointment of new counsel.[3]  The court subsequently appointed three different attorneys to

---

[1] Ethridge received a life sentence for first-degree murder plus thirteen to twenty-six years of imprisonment for two counts of robbery and one to two years of imprisonment for REAP; these sentences were ordered to run consecutively.  N.T. Sentencing, 11/24/03, at 1-2.

[2] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[3] The Court concluded that Ethridge's PCRA petition was "effectively uncounseled" where PCRA counsel changed his position regarding the merits of Ethridge's claims on appeal and failed to properly advocate those issues.

represent Ethridge, two of whom were permitted to withdraw from their representation.[4]  Ultimately, on May 15, 2015, the PCRA court dismissed Ethridge's PCRA petition.

Ethridge subsequently filed two additional PCRA petitions *pro se*, as well as other miscellaneous motions, all of which were denied.  On October 25, 2018, Ethridge filed the instant, his fourth, PCRA petition *pro se*.  On May 6, 2019, the PCRA court dismissed the petition, explaining that "[Ethridge's] first PCRA petition has been fully litigated to its conclusion, [and, thus,] there are no genuine issues of material fact that would entitle [him] to [PCRA] relief[,] and no purpose would be served by any further proceedings."  Order, 5/6/19, at 3.  Ethridge timely appealed from that order and filed a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, listing a single issue:

---

**Commonwealth v. Ethridge**, 651 WDA 2010 at 3 (Pa. Super. filed Jan. 7, 2011) (unpublished memorandum).

[4] The trial court appointed Daniel Chunko, Esquire, to represent Ethridge on May 18, 2011.  As Attorney Chunko's appointment contract was set to expire at the end of 2012, the court issued an order appointing Eric Isenhart, Esquire, to represent Ethridge on December 21, 2012; however, Attorney Chunko filed a motion to withdraw and **Turner/Finley** "no merit letter" on December 31, 2012.  On February 27, 2013, Attorney Isenhart filed a motion to vacate his appointment, which the court granted.  Ethridge filed two motions for leave to amend his PCRA petition on October 17, 2013, and July 23, 2014, both of which were granted.  On July 9, 2014, the court appointed Mary Bates, Esquire, to represent Ethridge.  Attorney Bates filed a petition to withdraw as counsel on July 29, 2014, which the court granted.

Did the PCRA [c]ourt err in fact and as a matter of law when it dismissed [Ethridge]'s PCRA petition wherein he requested [] the reinstatement of his right to appeal from the denial of his previous petition on the grounds that he was provided with neither a copy of the court's notice of intent to dismiss, as required by Pa.R.Crim.P. 907, nor the court's order actually disposing [of] the petition?

Appellant's Rule 1925(b) Statement, 7/1/19.[5]  In his appellate brief to this Court, however, Ethridge fails to include any mention of this issue, instead raising six claims of counsel's ineffectiveness, allegedly in violation of both his Fifth and Sixth Amendment rights.[6]  ***See*** Brief of Appellant, at 3-4. Specifically, Ethridge raises the following claims:

I.      Whether failure of review counsel to request [an] evidentiary hearing to preserve the jury instruction error made by judge to leave out contexts of subdivision 3 of 15.2502A first degree murder[,] [when] [Ethridge's] defense relied on these factors[,] violated [Ethridge's] Fifth Amendment [rights] under the [U.S. C]onstitution and Pennsylvania [C]onstitution Art. 1. sec. 9.

II.     Whether failure of review counsel to request [an] evidentiary hearing to preserve the Commonwealth's failure to allege every element of the crime of first degree murder

_____

[5] Ethridge clarifies that, "the above is the sole issue Appellant intends to assert on appeal."  Appellant's Rule 1925(b) Statement, 7/1/19, at 1 (unnecessary capitalization omitted).  Because he does not argue the issue in his brief, we find that he has abandoned the issue on appeal.

[6] Because Ethridge failed to include any of these issues in his Rule 1925(b) statement, even if his petition were not untimely, all of those issues would be deemed waived.  ***See Commonwealth v. Dowling***, 778 A.2d 683, 686 (Pa. Super. 2001) ("Because the issue raised on appeal was not raised in the [Rule 1925(b)] [c]oncise [s]tatement, the issue on appeal is waived.").

in the criminal information filed against [Ethridge] violated his rights under the Sixth Amendment to the U.S. Constitution and Art. 1, sec. 9 of the Pennsylvania Constitution.

III. Whether review counsel['s] fail[ur]e[] to preserve trial counsel['s] ineffectiveness for not motioning the court for a ***Kloiber***[7] instruction regarding the unreliability of the eyewitness testimony present[ed] against [Ethridge] violated [Ethridge's] Fifth Amendment [rights under] the [U.S.] Constitution and Art. 1. sec 9. of the Pennsylvania Constitution.

IV. Whether review counsel was ineffective for failing to request [an] evidentiary hearing to resolve the Fifth Amendment violation with regard to trial counsel['s] omission [that] had prejudiced [Ethridge's] pretrial motion to preserve both the arguable merit and unreasonable basis bas[e]s as to why counsel failed to request a colloquy.

V. Whether review counsel was ineffective for failing to request [an] evidentiary hearing to resolve trial counsel['s] failure to preserve[, through] post[-]trial motion[, an] insufficiency of [the] evidence [challenge for] the crime of theft associated with the [r]obbery charge.

VI. Whether review counsel was ineffective for failing to request an evidentiary hearing for the purpose of determining whether [Ethridge] received ineffective assistance of counsel within the meaning of the Sixth Amendment, [given] the unreasonableness of trial counsel's investigation of potential mitigating evidence.

*Id.*

Before discussing the merits of those issues, however, we must first determine whether Ethridge's serial petition for post-conviction relief was

_____

[7] ***Commonwealth v. Kloiber***, 106 A.2d 820 (Pa. 1954).

timely filed. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013) ("[The PCRA] time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition."). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final unless the petitioner alleges, and proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii), is met.[8] A PCRA petition invoking one of these statutory exceptions "must be filed within sixty days of the date the claim could first have been presented." *See Commonwealth v.*

_____

[8] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

*Hernandez*, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); *see also* 42 Pa.C.S.A. § 9545(b)(2).[9]

Under the PCRA, a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A § 9545(b)(3). This Court affirmed Ethridge's judgment of sentence on December 28, 2004. On July 5, 2005, the Supreme Court of Pennsylvania denied Ethridge's petition for allowance of appeal. As he did not file a petition for writ of certiorari in the U.S. Supreme Court, his judgment of sentence became final ninety day later, on October 3, 2005. Therefore, Ethridge had until October 3, 2006 to file a timely a PCRA petition. *See id.*; U.S. Sup.Ct. R. 13 (petitioner has ninety days from judgment of sentence to file for writ of certiorari with U.S. Supreme Court); *Commonwealth v. Feliciano*, 69 A.3d 1270, 1275 (Pa. Super. 2013). His instant petition, filed more than twelve years later, is patently

_____

[9] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar exception from 60 days to one year from the date the claim arises. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment applies only to claims arising on December 24, 2017, or thereafter. *Id.* at § 3. In this case, Ethridge's claim arises from the PCRA court not providing him notice of its intent to dismiss nor a copy of its September 30, 2016 order actually dismissing his previous petition. Motion for PCRA Relief, 10/25/18, at 3. Therefore, the sixty-day deadline applies.

untimely, unless he has satisfied his burden of pleading and proving that an enumerated exception applies. **See Hernandez**, **supra**.

Ethridge failed to plead and prove any exception to the PCRA's time bar. He advances no arguments as to how the court's dismissal of his PCRA petition in 2016, without providing him Rule 907 notice of its intent to dismiss, satisfies any PCRA timeliness exception. Additionally, Ethridge raised a nearly identical claim in his previous PCRA petition filed on August 24, 2016, which the trial court also dismissed as untimely—a decision our Court affirmed. There, we explained:

> [W]ith respect to untimely PCRA petitions, not every defect in Rule 907 procedure requires a remedy. Even when a petitioner preserves a claim that a PCRA court failed altogether to provide notice of dismissal under Rule 907, "it does not automatically warrant reversal" when "the petition is untimely[.]" **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013). Here, the PCRA court denied [Ethridge's] PCRA petition as untimely, yet nothing in his argument regarding the failure of the PCRA court to issue a Rule 907 notice in this case bears upon the timeliness of his petition.

**Commonwealth v. Ethridge**, 1650 WDA 2016 (Pa. Super. filed Aug. 7, 2018) (unpublished memorandum). Accordingly, even if Ethridge had succeeded in invoking an exception to the time bar, his claim has been previously litigated as contemplated by section 9544(a)(3), and he is ineligible for relief. **See** 42 Pa.C.S.A. § 9543(a)(3) (to be eligible for relief, petitioner must plead and prove allegation of error not previously litigated or waived).

Because Ethridge has failed to plead and prove an exception to the PCRA's time bar, he is entitled to no relief. **Commonwealth v. Fahy**, 737

A.2d 214, 223 (Pa. Super. 1999) (court has no jurisdiction to consider untimely petition for relief). We, therefore, affirm the PCRA court's order dismissing Ethridge's serial PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/1/2020